UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:23-CV-00398-FDW-SCR

| | |
|---|---|
| CHURCHILL FUNDING I, LLC, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| EASY FINANCIAL, LLC, | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on Defendant's Motion for Summary Judgment (Doc. No. 25), and Plaintiff's Cross-Motion for Summary Judgment, (Doc. No. 27). For the reasons set forth below, both outstanding Motions are DENIED. In light of this ruling, the Court also modifies portions of the Case Management Order as explained below.

**Summary Judgment**

"Summary judgment is appropriate only if 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Connor v. Covil Corp., 996 F.3d 143, 148 (4th Cir. 2021) (emphasis added; quoting Fed. R. Civ. P. 56(a)). In addressing a motion for summary judgment, the Court "'must view the evidence in the light most favorable to the nonmoving party and refrain from weighing the evidence or making credibility determinations.'" Sedar v. Reston Town Ctr. Prop., LLC, 988 F.3d 756, 761 (4th Cir. 2021) (quoting Variety Stores, Inc. v. Wal-Mart Stores, Inc., 888 F.3d 651, 659 (4th Cir. 2018) (cleaned up)); see also Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000); Henry v. Purnell, 652 F.3d 524, 531 (4th Cir. 2011) (en banc)). However, "[m]ere unsupported speculation is not sufficient to defeat a summary judgment motion if the undisputed evidence indicates that the other party should win as

1

a matter of law." Francis v. Booz, Allen & Hamilton, Inc., 452 F.3d 299, 308 (4th Cir. 2006) (citation omitted); see also Matsushita Elec, Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986). "When faced with cross-motions for summary judgment, the court must review each motion separately on its own merits to determine whether either of the parties deserves judgment as a matter of law." Rossignol v. Voorhaar, 316 F.3d 516, 523 (4th Cir. 2003).

Both instant motions have been thoroughly briefed, as evidenced by the multiple memoranda, affidavits, and pleadings filed with this Court, not to mention the myriad articles of supporting evidence. However, after careful consideration of these motions and all related filings, this Court finds genuine issues of material fact remain, precluding summary judgment for either party at this point. While neither party contests a breach has occurred, there is substantial dispute over what breach occurred, when a breach occurred and the extent of the breaches more generally.

For example, there is disagreement as to whether Easy Financial, LLC ("Easy Financial") retained full right and authority to transfer or sell the Church Street Mortgage to other parties at time of the sale to Churchill Funding I, LLC ("Churchill"). (Compare Doc. No. 31, pp. 7–8, with Doc. No. 33, p.5; see also Doc. Nos. 25-2; 25-13; 25-16.) More precisely, while both parties acknowledge the existence of another lien upon the Church Street Property (the "Saratoga Lien"), there are questions of fact regarding the validity of the lien, whether the lien was effectively extinguished and whether the lien had primacy over the lien sold by Easy Financial to Churchill. (Compare, e.g., Doc. Nos. 26, pp. 5 – 6; 31, pp. 7 – 8, with Doc. No. 29, p. 5–6; see also Doc. Nos. 25-2; 25-12; 25-16; 28-9; 28-10.) The parties further dispute whether Easy Financial received prompt notification of the existence of the Saratoga Lien and potential associated title defects, and whether the method offered by Easy Financial to cure title defects, namely delivery of an insurance policy, was commercially reasonable as per Section 7.03 of the Master Loan Purchase Agreement

2

("MLPA"). (Compare Doc. Nos. 26, pp. 6–8; 33, pp. 7–8, with Doc. Nos. 29, p. 6; 33, pp. 4–8; see also 25-2; 25-17.) Both questions operate under a fact-intensive standard, and it would thus be inapposite to enter summary judgment without further weighing of the evidence at trial. See, e.g., NationsBank of N. Carolina, N.A. v. Am. Doubloon Corp., 481 S.E.2d 387, 390 (N.C. Ct. App. 1997) ("Commercial reasonableness is a jury question and does not readily lend itself to summary judgment."); Troche v. Bimbo Foods Bakeries Distribution, Inc., No. 3:11-CV-234-RJC-DSC, 2015 WL 4920280, at *4 (W.D.N.C. Aug. 18, 2015) ("Reasonableness is a question of fact, generally to be decided by a jury."); see also Rheinberg-Kellerei GMBH v. Vineyard Wine Co., 281 S.E.2d 425, 428 (N.C. Ct. App. 1981) (holding the definition of "prompt notice" will vary on a case-by-case basis); Crescent Univ. City Venture, LLC v. AP Atl., Inc., No. 15 CVS 14745, 2019 WL 3765313, at *13 (N.C. Super. Aug. 8, 2019) (finding the question of whether notice was prompt "is thus one of fact to be answered by the factfinder at trial").

Moreover, there remains a disputed question of fact as to whether Churchill waived its right to demand repurchase of delinquent mortgage loans through continued performance and acceptance of monthly interest payments and back-dues for extended periods of time before notifying Easy Financial of any delinquency. Wheeler v. Wheeler, 263 S.E.2d 763, 767 (N.C. 1980) ("The presumption is that a party's intentional election to continue performing or receiving performance after knowledge of a breach is an indication that he does not consider the contract totally repudiated and in fact probably still receives considerable benefit under it."); Klein v. Avemco Ins. Co., 220 S.E.2d 595, 599 (N.C. 1975) ("The crucial question was whether the plaintiff intended to waive his breach. The intention to waive may be expressed or implied from acts or conduct that naturally leads the other party to believe that the right has been intentionally given up."). Looking to Section 7.06 of the MLPA, disputes exist as to whether Churchill had the

3

capacity to transfer and assign the liens following a repurchase demand given ownership of the liens appears to have changed in all three cases. (See Doc. No. 26, pp. 10 – 11, 13, 15; see also Doc. Nos. 25-19; 25-28; 25-29; 25-33; 25-1, pp. 34–35.)

The disputes above, among others, cannot and should not be determined on cross-motions for summary judgment. Instead, the answers must be found at trial, where a jury will have a more complete opportunity to weigh the evidence and assess the credibility of the witnesses. Thus, this Court concludes that the parties are not entitled to summary disposition of this matter, and the Court shall DENY both cross-motions for summary judgment.

**Pretrial Submissions and Pretrial Conference**

In light of this case proceeding to trial, the Court sua sponte revises the Case Management Order ("CMO") entered in this case, (Doc. No. 14), to reflect that Defendant's Answer contained a jury demand. (Doc. No. 10, p. 21.) Accordingly, this case will proceed to trial before a jury and not as a bench trial as originally indicated in the CMO. Because of this, the parties' required pretrial submissions as outlined in the CMO must also be modified.

a. Trial. This case shall be tried with a jury. Counsel should be prepared to proceed to trial during the mixed trial term of court of September 9-20, 2024. Docket call will take place at 9:00 A.M. on Monday, **September 9, 2024,** in Courtroom #5B of the Charles R. Jonas Federal Building, 401 W. Trade Street, Charlotte, North Carolina. Jury selection for all trials for that trial term will typically take place on the business day immediately following docket call. The order that cases will proceed to trial will be finalized at docket call, and counsel and witnesses should be prepared accordingly.

b. Final Pretrial Conference. TAKE NOTICE that the final pretrial conference shall take place immediately following docket call, on **September 9, 2024**. On or before the date of the final

pretrial conference, counsel shall seriously revisit the possibility of settlement and be prepared at conference to inform the Court of the parties' efforts.

c.      Pretrial Submissions. The Court requires the following pretrial submissions to be jointly drafted and submitted to Chambers by **August 19, 2024**:

>   i.      Jointly-Proposed Pretrial Order. This jointly-prepared and jointly-submitted document shall contain:
>
>   >   (1)     A joint statement of the case, the purpose of which is to acquaint the jury with the nature of the case. Unless the case is extremely complex, this statement should not ordinarily exceed one page. The joint statement of the case shall also indicate how the parties anticipate for trial.
>   >
>   >   (2)     Stipulations as to all issues of law or fact to which the parties can agree for purposes of streamlining trial. If a party fails to stipulate to a fact (e.g., the authenticity of a document) without articulating a good faith basis for disputing it, the Court shall assess against that party the opposing party's costs (including the cost of subpoena service, witness travel costs and fees, and reasonable attorney's fees) incurred in proving the fact at trial. See Fed. R. Civ. P. 37(c)(2).
>   >
>   >   (3)     A brief synopsis (no argument) of the legal or factual contentions about which the parties have been unable to stipulate. Any advocacy should be reserved for a trial brief which may be submitted as provided in Paragraph 4(d) below.
>   >
>   >   (4)     A list of exhibits that each party may offer at trial (except those offered solely for impeachment or cross-examination), numbered sequentially; a brief description of the exhibit; any stipulations as to authenticity or admissibility; and the basis for any objections. This information shall be entered into a table in

substantially the following format (the last two columns should be left blank to be completed by the courtroom clerk at trial):

| Exh. No. | Description | Stipulation – Authenticity | Stipulation – Admissibility | Objections | Identified By | Admitted |
|---|---|---|---|---|---|---|
| 1 | Police Report | Yes | No | Hearsay | | |
| 2 | Draft of Contract | No | No | Foundation, Relevance, Parol Evidence | | |

(5) Designations by volume, page, and line of all portions of pleadings and discovery materials, including depositions, interrogatories, and requests for admission, that each party may offer at trial (except those offered solely for impeachment or cross-examination); cross-designations; a brief description of the substance of the designation; and the basis for any objections. This information should be entered into a similar table format as the exhibit list.

(6) A list of the names and addresses of all witnesses each party may offer at trial, together with a brief statement of what counsel proposes to establish by their testimony.

(7) A statement of the qualifications of any expert witness a party may offer at trial, unless the parties have stipulated to the qualifications of the expert witness as provided above.

(8) The parties must also file copies of the exhibit and witness lists on CM/ECF.

ii. Jointly-Proposed Voir Dire. The general procedures governing voir dire are set forth in the Court's Standing Order Governing Jury Selection and Instruction in Civil Cases

6

Before the Honorable Frank D. Whitney, Miscellaneous No. 3:07-MC-47 (Doc. No. 5). In addition to the Court's standard voir dire, counsel may prepare and jointly submit a single compilation of voir dire questions sought to be asked, also noting the agreement or objection of other parties to each proposed question. Pursuant to Rule 47(a), the Court will ask prospective jurors only such of the proposed voir dire as it deems proper. While the Court will initially voir dire the jurors, counsel should also anticipate having ten (10) minutes per side to question the jurors.

iii. Jointly-Proposed Jury Instructions. The general procedures governing jury instruction are set forth in the Court's Standing Order Governing Jury Selection and Instruction in Civil Cases Before the Honorable Frank D. Whitney, Miscellaneous No. 3:07-MC-47 (Doc. No. 5). Any objections to, or requests for modification or supplementation of, the Court's pattern jury instructions must be made at this time or may be deemed waived. In addition to the Court's generally-applicable pattern jury instructions, counsel should prepare and jointly submit a single compilation of proposed jury instructions that are narrowly tailored to the anticipated issues arising at trial (e.g., the elements of the claims and defenses at issue), subject to supplementation at the close of evidence, as necessary, as contemplated by Rule 51. Counsel shall identify and index each proposed instruction by number and heading and support each proposed instruction with adequate legal authority. Where there is disagreement as to any instruction, this jointly prepared submission shall disclose the basis for a party's objection and (if applicable) provide a proposed alternate instruction.

iv. Exhibits. Counsel and the parties are expected to use presentation technology available in the courtroom to display evidence to the jury. Training on the equipment

should be arranged well in advance of trial with the Courtroom Deputy and requested no later than **August 19, 2024**, using the District's Courtroom Technology web form. See "Request Training" links on https://www.ncwd.uscourts.gov/courtroom-technology. Counsel shall provide a flash drive containing in electronic format any exhibits of documents, photographs, videos, and any other evidence that may be reduced to an electronic file for the use of Court personnel and the Court's Jury Evidence Recording System (JERS) during trial. Documents and photographs shall be in .pdf, .jpg, .bmp, .tif, or .gif format; video and audio recordings shall be in .avi, .wmv, .mpg, .mp3, .wma, or .wav format. Each electronic exhibit shall be saved as a separate file and named consistent with their order and name on the exhibit list. The flash drive shall be delivered to the Clerk's Office (Attn: Candace Cochran) immediately after submitting the jointly-proposed pretrial order. Counsel should be aware that each party will bear sole responsibility for maintaining the actual exhibits offered by that party and admitted at trial.

v. All working drafts of documents (e.g., the proposed pretrial order, voir dire, jury instructions) shall be submitted to Chambers electronically by filing them on the Docket through CM/ECF.

vi. After reviewing the pretrial submissions, the Court reserves the right to limit the presentation of evidence through establishing reasonable time limits for each party when necessary. The Court will consider the parties' proposed witness lists, proffered testimony, estimates of trial time, and other factors to ensure that the trial is conducted efficiently and fairly.

d. Motions in Limine and Trial Briefs. To the extent that contested issues of law can be anticipated in advance of trial, trial briefs and/or motions in limine, if appropriate, shall be filed

on **August 26, 2024**.  Absent prior approval from the Court, each party may file no more than one brief, whether in support of or in opposition to, all motions in limine, excluding any motion filed pursuant to Rule 702 of the Federal Rules of Evidence.  Written responses shall be due on **August 29, 2024**.  Word limits for motions in limine shall be governed by Paragraph 3(c)(i) and word limits for trial briefs shall be governed by Paragraph 3(c)(ii).  The Court does not intend to address motions in limine at the pretrial conference but will instead address them on the first day of trial.

e.  Video Depositions.  If video depositions are taken and counsel intend to use them at trial, counsel are directed to resolve any objections and edit the video accordingly so that the video may be shown without interruption.  Failure to do this prior to trial will result in objections being deemed to be waived.

f.  De Bene Esse Depositions.  De bene esse trial depositions may not be taken outside of the discovery period without consent of all parties or leave of court upon a showing: (i) that the deponent will be unavailable at trial for one of the reasons set forth in Rule 32(a)(4) and, if the reason for unavailability is that the witness resides outside of the Court's subpoena power, that the party desiring the testimony has first made a good faith effort to obtain the voluntary attendance of the witness at trial; (ii) that the witness had not previously been deposed in a discovery deposition, or that exigent facts exist that would justify reopening the deposition; (iii) that the deposition can be scheduled at least fourteen (14) calendar days before the first day of the trial term during which the case has been calendared; and (iv) that no substantial and irremediable prejudice will result to an adverse party on account of the taking of the deposition.

g.  Trial Subpoenas.  Counsel must subpoena all witnesses at least fourteen (14) calendar days before the first day of the trial term during which the case has been calendared.  The Court may elect not to enforce subpoenas that have not been issued in compliance with this deadline or, if

9

Case 3:23-cv-00398-FDW-SCR   Document 39   Filed 07/19/24   Page 9 of 10

requested, may quash subpoenas that have not been issued in compliance with this deadline. In completing the trial subpoenas, counsel should identify the information for docket call as the time, date, and place to appear from Section 4(a) above.

h.      Assessment of Jury Costs.  Whenever a civil action scheduled for a jury trial is settled or otherwise disposed of in advance of the actual trial, the Court may assess all jurors' costs (including Marshal's fees, mileage reimbursement, and per diem fees) equally against the parties or otherwise may determine appropriate assessments, unless the Clerk's office is notified at least one (1) full business day prior to the date on which the action is scheduled for trial or the parties establish good cause why the Court should not assess jury costs against them. When any civil trial is settled at trial in advance of a verdict, the Court likewise may make the same assessments unless the parties establish good cause why the Court should not do so.

**IT IS THEREFORE ORDERED** that the parties' Cross-Motion for Summary Judgment, (Doc. Nos. 25, 27), are DENIED.

**IT IS THEREFORE ORDERED** that the CMO, (Doc. No. 14), is modified as explained herein with trial by a jury to take place during the Court's mixed term beginning September 9, 2024; a pretrial conference shall take place immediately following docket call; joint pretrial submissions shall be filed in accordance with this order by August 19, 2024; and motions in limine shall be filed no later than August 26, 2024, with responses filed no later than August 29, 2024.

**IT IS SO ORDERED.**   Signed: July 19, 2024

_____
Frank D. Whitney
United States District Judge